**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TINA HARRIS,<br>      Plaintiff<br><br>v.<br><br>NAVIENT SOLUTIONS, INC. F/K/A<br>SALLIE MAE,<br>      Defendant | )<br>)<br>)<br>) **C. A. No.:**<br>)<br>)<br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>) |

## **COMPLAINT**

TINA HARRIS ("Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against NAVIENT SOLUTIONS, INC. F/K/A SALLIE MAE ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Connecticut and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### **PARTIES**

5. Plaintiff is a natural person residing in Prospect, Connecticut 06712.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant, Navient Solutions, Inc. f/k/a Sallie Mae, is a lender with its principal place of business located at 123 Justison Street, Wilmington, Delaware 19801 and 2001 Edmund Halley Drive, Reston, Virginia 20191.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff co-signed for her daughter's student loans.

11. Plaintiff had only provided her home telephone number to Defendant to use as a way to contact her.

12. Plaintiff never provided Defendant with her cellular telephone number.

13. For years prior to the filing of this Complaint, and continuing thereafter, Defendant called Plaintiff on her home telephone and cellular telephone numbers on a repetitive and continuous basis.

14. The calls became so invasive that Plaintiff decided to turn off her home telephone number, thereby continuing to receive calls to her cellular telephone.

15. Plaintiff has had this cellular telephone number for a number of years.

16. Plaintiff has only used this number as a cellular telephone number.

17. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

18. During the relevant period, Defendant called Plaintiff on average, once a day.

19. When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

20. Plaintiff knew that she was receiving automated calls and messages, as Defendant left voicemail messages that sounded like an automated recording as it was a computerized voice, not the voice of a real person.

21. Defendant's telephone calls were not made for "emergency purposes."

22. When the calls first began, Plaintiff instructed Defendant to stop calling her.

23. Defendant heard Plaintiff's instructions to stop calling.

24. However, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

25. Defendant persisted in calling Plaintiff on her cellular telephone for the next several years, totaling at minimum 300 calls.

26. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying her daughter's alleged debt.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

### COUNT I

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Defendant initiated multiple automated telephone calls to Plaintiff's home phone and cellular telephone using a prerecorded voice.

29. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

30. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

31. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

32. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

33. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

34. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

35. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TINA HARRIS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TINA HARRIS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

TINA HARRIS,
By her Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: May 2, 2016

PLAINTIFF'S COMPLAINT